IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAII LIFE REAL ESTATE SERVICES, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., *et al.*,<br><br>        Defendants. | Case No. 20-cv-00576-DKW-RT<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING** |

Pending before the Court is Plaintiff Hawaii Life Real Estate Services, LLC's motion to remand (motion) this case to the Fifth Circuit Court of the State of Hawai'i (Fifth Circuit). Dkt. No. 8. The motion is fully briefed. Dkt. Nos. 18-19. After review of the foregoing, the Court directs further briefing as set forth below.

While the motion is opposed, both parties agree that, at some point, this case became removable after it was initially filed in the Fifth Circuit. *See* Dkt. No. 8-1 at 7-11 (arguing that the case became removable either on June 30, 2020 or August 10, 2020); Dkt. No. 18 at 20-22 (arguing that December 17, 2020 is the date the case became removable). It may be that neither party is correct. Notably, review

of the Fifth Circuit's Order granting Defendants motion to sever reflects that such motion was granted "[p]ursuant to Rules 20(b) and 42(b) of the Hawai'i Rules of Civil Procedure…." Dkt. No. 18-4 at 2. While the Order also states that Defendants should "take all necessary and appropriate steps to effect the *severance* in a timely manner[,]" *id*. (emphasis added), *neither* of the rules cited in the Order concern severance. Rather, both rules concern holding *separate trials*, which is *not* the same as severing claims against certain parties from one action in order to create a new, distinct action. *See Vogel v. Merck & Co., Inc.*, 476 F. Supp. 2d 996, 998-1002 (S.D. Ill. 2007); *see also In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) (explaining the differences between Rules 21 and 42(b) of the Federal Rules of Civil Procedure); *cf. Abel v. Bank of Am.*, 2020 WL 6257070, at *2-3 (D. Haw. Oct. 23, 2020). Further, nothing else in the record, including the Fifth Circuit's Amended Order Setting Trial Date (Dkt. No. 18-8), indicates that the claims against the non-diverse Defendants have been *severed* from any other claims in the underlying action, including those against the diverse Defendants, at least not in the sense severance implicates removal.

Therefore, the parties are directed to provide further briefing on this matter−specifically, why this case was removable on or before December 28, 2020,

the date of Defendants' Notice of Removal. The parties should address in their briefing the status of each non-diverse defendant in the underlying State action (*i.e.*, 5CCV-20-0000043). Among other things, the parties should explain whether distinct actions have been opened as to any non-diverse defendant and, if so, when that occurred and which defendant(s) are part of the same. Further, if any non-diverse defendant(s) is/are no longer part of a pending case with Plaintiff in State court, the parties should identify what happened to each such defendant (*e.g.*, dismissed by order, notice, or stipulation) and when such event took place.

The parties may each have until noon on March 5, 2021 to file the supplemental briefing permitted by this Order. Such supplemental brief may not exceed five (5) pages. No other briefing, on any other subject, is permitted. Finally, in light of the supplemental briefing ordered herein, the hearing on March 5, 2021 with respect to the motion to remand (Dkt. No. 11) is hereby VACATED. Should the Court find that a hearing is necessary following the receipt of the parties' supplemental briefing, a further order will follow.

IT IS SO ORDERED.

DATED: February 25, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge