IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HAWAIʻI LIFE REAL ESTATE SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC, *et al.*,<br><br>Defendants. | Case No. 20-cv-00576-DKW-RT<br><br>**ORDER (1) GRANTING MOTION TO REMAND AND (2) REMANDING ACTION TO STATE CIRCUIT COURT** |

Before the Court is Plaintiff Hawaiʻi Life Real Estate Services, LLC's Motion to Remand. While the parties agree that this case became removable at some point in the second half of 2020, they disagree as to precisely when, and therefore also disagree as to whether Defendants Associated Industries, Inc. ("Associated Industries") and AmTrust North America, Inc. ("AmTrust" and, collectively with Associated Industries, "Defendants") timely filed their Notice of Removal. Nonetheless, because the record before the Court does *not* demonstrate this case's removability, Plaintiff's Motion to Remand, Dkt. No. 8, is GRANTED.

## **RELEVANT BACKGROUND**

Hawaiʻi Life commenced suit against six named defendants and several doe defendants on March 23, 2020 in Hawaiʻi's Fifth Circuit Court ("State Court").

Dkt. No. 8-3 (copy of State Court complaint). Hawaiʻi Life has its principal place of business in Hawaiʻi, and, likewise, its members reside in this state. Dkt. No. 1 at 3–4. Associated Industries is incorporated and has its principal place of business in Florida. *Id.* at 3. AmTrust is incorporated and has its principal place of business in Delaware. *Id.* Despite there being diversity between Hawaiʻi Life and these two Defendants, complete diversity did not exist at the time the State Court complaint was filed because several of the other named defendants were either citizens of or businesses formed and/or headquartered in Hawaiʻi. Dkt. No. 8–1 at 4 ("Complete diversity did not initially exist due to the presence of non-diverse defendants.").

On May 13, 2020, Defendants filed a Motion to Sever causes of action one through six of the complaint (the only claims against them) from causes of action seven and eight. Dkt. No. 1-1 at 194. That motion was brought "pursuant to [Hawaiʻi] Rules [of Civil Procedure] 7, 19, 20[,] and 21." *Id.* at 195. On June 30, 2020, the State Court heard argument on the Motion to Sever, and the "[c]ourt granted the motion." Dkt. No. 8-4 (minutes from the hearing). On August 10, 2020, the State Court entered a written order granting the Motion to Sever. Hawaiʻi Life's motion asking the State Court to reconsider its severance order was denied on November 30, 2020. Dkt. No. 18-6. On December 17, 2020, the State Court amended its order setting a trial date to "correct caption as to defendants."

Dkt. No. 1-4 at 391.  The amended order listed only Associated Industries, AmTrust, and doe defendants in the case caption.  *Id.*

On December 28, 2020, Defendants filed a Notice of Removal.  Dkt. No. 1.  This Court has subject matter jurisdiction over the case, Defendants claim, because, due to the August 10, 2020 severance order and subsequent State Court action, there is now complete diversity among the remaining parties.  *Id.*  On January 12, 2021, Hawaiʻi Life moved to remand, arguing removal was untimely.  Dkt. No. 8.

After the remand motion had been fully briefed, the Court ordered supplemental briefing.  Dkt. No. 20.  The Court pointed out that the August 10, 2020 State Court order granted Defendants' severance motion pursuant to specific Hawaiʻi Rules of Civil Procedure allowing for parties to be separated for trial but did not cite the separate rules severing a case.  *Id.* at 1-3.  The Court thus asked the parties to address the status of Hawaiʻi Life's actions against the non-diverse parties included in Hawaiʻi Life's original State Court complaint, explaining whether new cases had been opened against those defendants and whether they remained parties to Defendants'

case.¹  *Id.* at 3.  The requested supplemental briefing having now been filed, Dkt. Nos. 22, 23, this order follows.

## LEGAL STANDARD

"A state-court action may be removed to federal court if it qualifies as a 'civil action . . . of which the district courts of the United States have original jurisdiction,' unless Congress expressly provides otherwise."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998) (quoting 28 U.S.C. § 1441(a)) (ellipses in *Rivet*).  One way in which original jurisdiction can be obtained is if there is complete diversity among the parties (*i.e.*, no defendant is a citizen of the same state as any plaintiff), and the controversy exceeds $75,000.  28 U.S.C. § 1332.

Pursuant to Section 1446(b)(3) of Title 28, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  A defendant may not, however, remove an action on the basis of diversity of citizenship jurisdiction "more than 1 year after commencement of the action,

---

¹There is no indication that a new State Court case was opened that included Hawai'i Life's claims against any other named defendant in the original complaint.  *See* Dkt. Nos. 22, 23 (Hawaii Life's and Defendants' responses to the Court's supplemental briefing order).

4

unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

Finally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The burden of establishing this Court's subject matter jurisdiction "rests upon the party asserting jurisdiction[,]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), which here means Defendants, *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## **DISCUSSION**

The only issue about which the parties disagree is when this case became removable. Hawai'i Life contends it was when the State Court orally granted Defendants' Motion to Sever on June 30, 2020 and certainly no later than August 10, 2020 when the State Court memorialized its ruling in writing. Dkt. No. 8-1 at 7–10. Defendants argue it became removable either (1) when the State Court denied Hawai'i Life's reconsideration motion on November 30, 2020, Dkt. No. 1 at 6, or (2) when the State Court amended its trial scheduling order to include only Defendants and doe defendants in the case caption on December 17, 2020, Dkt. No. 18 at 2. The Court need not address this dispute because it finds Defendants

5

have failed to demonstrate the case was ever severed and, thus, removable as a matter of law.

As stated, the State Court orally granted Defendants' severance motion on June 30, 2020 and confirmed its ruling in writing on August 10, 2020. Dkt. Nos. 8-4, 8-5. Citing a specific subset of the state civil procedure rules on which Defendants' motion was based, the August 10, 2020 written order reads, in relevant part:

> ***Pursuant to Rules 20(b) and 42(b)*** of the Hawai'i Rules of Civil Procedure and other applicable law, based on the pleadings and papers on file with the Court, the arguments of counsel and the entire record in this case, and for the reasons stated by the Court on the record (specifically, the federal court's June 15, 2020 Order in the underlying case), the Court ruled from the bench, and it is hereby ORDERED, ADJUDGED and DECREED, that the Motion is GRANTED. In the event of changed circumstances in the underlying case, the severance may be revisited.
>
> Associated/AmTrust shall take all necessary and appropriate steps to effect the severance in a timely manner.

Dkt. No. 8-5 (emphasis added).

It is certainly *possible*, as the parties argue, that the State Court intended, by this language, to sever the State Court action into separate cases with separate case numbers, one with Plaintiff versus Defendants, which is now before this Court, and a second with Plaintiff versus the non-diverse defendants in Plaintiff's original complaint. The State Court, after all, uses the word "severance" twice in the last

6

two sentences quoted above and acted pursuant to Defendants' Motion to Sever. *See id.* The order, however, is equivocal for several reasons.

First, it grants Defendants' motion "pursuant to" Hawai'i Rules of Civil Procedure ("HRCP") 20(b) and 42(b). Those rules speak only of separating parties for trial. HRCP 20(b) reads as follows:

> (b) ***Separate Trials***. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice.

(emphasis added). HRCP 42(b), in turn, reads:

> (b) ***Separate Trials.*** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as given by the Constitution or a statute of the State or the United States.

(emphasis added). The parties insist the State Court's reference to HRCP 20(b) and 42(b) was surplusage or merely a drafting error. Dkt. Nos. 22, 23. They both argue, "[t]he Severance Order was intended to have the effect of taking the non-diverse defendants out of this case[] and making this case removable." Dkt. No. 22 at 2; *see also* Dkt. No. 23 at 5 ("Defendants submit that the [S]tate [C]ourt's August 10, 2020 Order intended and envisioned creating two distinct actions").

7

How the parties divine the State Court's intention, however, is not clear. Their collective certainty seems closer to a guess.

Second, the State Court's intention is made all the more difficult to discern because Defendants' Motion to Sever, unlike the State Court's order, referenced HRCP 21. HRCP 21 explicitly references severance.[2] One could conclude, in other words, that rather than a supposed "drafting error," the State Court intentionally omitted reference to HRCP 21 and only cited the rules applicable to separate trials because that is how it decided to proceed. The order on its face as much reads as a separation of parties for trial as it does a severance of the case.

Third, given the parties' supplemental brief representations that, to their knowledge, *8½ months* after first ordering severance, the State Court has yet to actually open any separate action between Hawaiʻi Life and any remaining non-diverse defendant, the Court has only the August 10, 2020 order to inform which of the identified, competing readings is correct.[3] *See* Dkt. Nos. 22, 23.

---

[2]HRPC 21 states:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. ***Any claim against a party may be severed and proceeded with separately by order of the court.***

(emphasis added).

[3]Defendants argue that if the State Court intended for the parties to be separated for trial, it would not have amended the case caption on December 17, 2020 to include only Defendants and doe defendants. Dkt. No. 23 at 2. This argument suffers from the same defect as the August

8

## **CONCLUSION**

Because neither the August 10, 2020 order nor any State Court action thereafter clearly demonstrates that the State Court severed the case, this Court's subject matter jurisdiction, based on diversity, remains in doubt. Defendants have therefore failed to meet their burden to establish this Court's subject matter jurisdiction, requiring remand. *See Kokkonen*, 511 U.S.at 377; *Moore-Thomas,* 553 F.3d at 1244. This action is hereby REMANDED to the Fifth Circuit Court for the State of Hawaiʻi, pursuant to 28 U.S.C. Section 1447(c). The Clerk is instructed to mail a certified copy of this Order to the clerk of the Fifth Circuit Court and then CLOSE the case.

IT IS SO ORDERED.

DATED: March 12, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Hawaii Life Real Estate Services, LLC v. Associated Industries Insurance Company, Inc., et al.,* Civil No. 20-00576-DKW-RT; **ORDER (1) GRANTING MOTION TO REMAND AND (2) REMANDING ACTION TO STATE CIRCUIT COURT.**

---

10, 2020 order. Removing the parties from the case caption in an order *setting trial* is just as consistent with an intent to separate the parties for trial as it is with an intent to sever the case.